**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| DANA MALOCH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:09-CV-0094-RWS |
| GARY POLLARD and BANKS | : | |
| COUNTY BOARD OF | : | |
| COMMISSIONERS, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court on Defendant Banks County Board of

Commissioners' Motion to Dismiss [15], Plaintiff's Motion to Amend the

Complaint [31], Defendants' Motion to Compel [35], and Plaintiff's Motion for

a Hearing [43].  After a review of the records, the Court enters the following

Order.

I.       **Factual Background[1]**

Plaintiff Dana Maloch (hereinafter "Plaintiff") filed suit on June 19,

---

[1]The facts are derived from Plaintiff's Complaint [1] and subsequent pleadings.
The Court makes no findings with respect to the facts stated herein.

2009, alleging claims under 42 U.S.C. § 1983 and Georgia law against

Defendant Banks County Board of Commissioners ("Defendant Banks County

BOC"), and Defendant Gary Pollard (hereinafter "Defendant Pollard").

Specifically, Plaintiff alleges that Defendant Pollard raped and sexually

assaulted her in July 2008 while she was detailed to work at the Banks County

Fire Department by the Lee Arrendale State Prison.

## II.    Motion To Amend

Plaintiff seeks to amend the original Complaint to: (1) add facts that

individual members of the Banks County BOC Gene Hart, Joe Barefoot and

Ricky Cain, were expressly warned by meeting with an ad hoc committee of the

Banks County Fire Department not to hire Gary Pollard; (2) add Banks County,

Georgia as a Defendant; and (3) add the individual members of the Banks

County Board of Commissioners, Gene Hart, Joe Barefoot and Ricky Cain, as

Defendants.  The amendment of pleadings is governed by Rule 15 of the

Federal Rules of Civil Procedure which provides:

> (a) Amendments.  A party may amend the party's pleading once as
> a matter of course at any time before a responsive pleading is
> served or, if the pleading is one to which no responsive pleading is
> permitted and the action has not been placed upon the trial
> calendar, the party may so amend it at any time within 20 days

2

> after it is served.  Otherwise a party may amend the party's
> pleading only by leave of court or by written consent of the
> adverse party; and leave shall be freely given when justice so
> requires.

FED. R. CIV. P. 15 (1992).  Although Rule 15 states "leave shall be freely given when justice so requires," leave to amend is "by no means automatic." Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).  The trial court has "extensive discretion" in deciding whether to grant leave to amend. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).  A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." Id. A claim is futile if it cannot withstand a motion to dismiss. Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996); see Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").  Defendants have raise a substantial issue of sovereign immunity as to proposed Defendant Banks County, Georgia.  As stated below, the Court finds that a hearing on this limited issue would be beneficial.  Except as to this issue, the Court finds that justice permits the amendment of the Complaint in the manner requested.   Plaintiff's Motion to

3

Amend the Complaint [31] is **GRANTED**, except as the addition of Banks

County, Georgia as a Defendant.  The Court reserves ruling on the addition of

Banks Counts until the hearing is conducted.

## III.    Motion to Dismiss

Defendant Banks County BOC seeks a dismissal as to all claims on the

basis that it is not a proper party and the Complaint fails to state a claim

pursuant to Fed.R.Civ. P. 12(b)(6).  Defendant Banks County BOC contends

that the proper party is Banks County, Georgia.  As indicated above, the Court

has reserved ruling concerning Plaintiff Maloch's reequest to amend the

Complaint to add Banks County, Georgia as a defendant.  Regardless of the

decision on that issue, Banks County BOC is not a proper defendant.

Accordingly, Defendant Banks County Board of Commissioners' Motion to

Dismiss [15] is **GRANTED** and Defendant Banks County BOC is

**DISMISSED** from the case.

## IV.    Motion to Compel

Defendants filed a motion to compel Plaintiff to provide full and

complete responses to Defendants' first interrogatories and requests for

production [35].  Defendants provided Plaintiff with three extensions prior to

4

filing this motion under Fed. R. Civ. P. 37(a)(1) and LR 37.1A(1), NDGa.  In

response, Plaintiff cites a litany of excuses and contends that the interrogatories

and document requests have since been produced.  The Court finds that the

requisite discovery information has been provided such that Defendants'

Motion to Compel [35] is **DENIED**.  However, production was not provided

until Defendants were forced to take the issue before the Court.  Plaintiff has

failed to produced a sufficient justification for the undue delay in compliance.

Accordingly, the Court finds that an award of the costs and fees associated with

the Motion to Compel [35] is appropriate.  Defendants' request for attorneys'

fees [35] is **GRANTED**.  Defendants are directed to submit a statement to the

Court of reasonable attorneys' fees and costs incurred in the preparation of the

Motion [35] within seven (7) days of this Order's issue date.  Plaintiff shall

submit objections within seven (7) days thereafter.

**V.      Motion for a Hearing**

Finally, the Court finds that it would benefit from an oral hearing limited

only as to the issue of the liability of Banks County, Georgia.  The parties are

directed to appear before the Court to address the issue of waiver of sovereign

immunity by Defendant Banks County, Georgia. Accordingly,  Plaintiff's

Motion for a Hearing [43] is **GRANTED**.  A hearing is set for July 15th , 2010 at 10:00AM at the United States Courthouse, 121 Spring St., S.E., Courtroom 101, Gainesville, Georgia.

### Conclusion

Based on the foregoing, Defendant Banks County Board of Commissioners' Motion to Dismiss [15] is **GRANTED**, Plaintiff's Motion to Amend the Complaint [31] is **GRANTED, in part**, Defendants' Motion to Compel [35] is **DENIED in part and GRANTED in part**, and Plaintiff's Motion for a Hearing [43] is **GRANTED**.

**SO ORDERED** this  1st  day of July, 2010.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)